UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| C.E.W., a minor, individually and as successor-in-interest for Decedent MOHAMMED SHAH, by and through his guardian ad litem VALERIE WEAVER; MOHAMMED SHAH, individually; and JANIFER SHAH, individually,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF HAYWARD and ALLEN NEULA,<br><br>    Defendants.<br>_____/ | No. 3:13-cv-04516-LB<br><br>**FINAL PRETRIAL ORDER** |

The court held a pretrial conference on September 3, 2015, and issues this final pretrial order pursuant to Federal Rule of Civil Procedure 16(e). The parties' joint proposed pretrial order is adopted except as modified by this order.

### I. TRIAL DATE & LENGTH OF TRIAL

A. The jury trial will begin on Monday, October 5, 2015, in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. The trial will last 5 days and will run Monday through Friday from 8:30 a.m. to 2:00 p.m., with two ten-minute breaks. Counsel must arrive at 8:15 a.m. to address any issues (such as objections) before the trial day begins. The court will hold the charging conference at the end of the trial day on October 7, 2015.

FINAL PRETRIAL ORDER (No. 3:13-cv-04516-LB)

B.  Each side has 15 hours to present the direct examination of its witnesses and to cross-examine the opposing party's witnesses, including all objections raised during the trial day. In addition, the parties each may make opening statements of up to 45 minutes.

## II. PROCEDURE FOR EXHIBITS DURING TRIAL

Please refer to the court's Pretrial Order for the proper procedures regarding the presentation of exhibits during trial. (*See* ECF No. 69.[1])

## III. PROCEDURE FOR WITNESSES DURING TRIAL

Please refer to the court's Pretrial Order for the proper procedures regarding the presentation of witness testimony during trial. (*See* ECF No. 69.)

## IV.  CLAIMS

The plaintiffs are no longer pursuing the *Monell* claim (claim four). (Summary-Judgment Order, ECF No. 61 at 2 n.2)  The remaining claims are as follows:

| # | Claim | Plaintiff | Defendant |
|---|---|---|---|
| 1 | 42 U.S.C. § 1983 – Excessive Force (4th Am.) | C.E.W. | Neula |
| 2 | 42 U.S.C. § 1983  – Deprivation of Familial Relationship (14th Am.) | C.E.W. and Janifer Shah | Neula |
| 3 | 42 U.S.C. § 1983 – Excessive Force (4th Am.) | C.E.W. | Neula |
| 5 | Cal. Code Civ. P. §§ 370.0 & 377.61 – Negligence | C.E.W. | Neula |
| 6 | Cal. Civ. Code § 52.1  – Bane Act | C.E.W. | Neula |

## V. PLAINTIFFS' MOTIONS IN LIMINE

For the reasons stated on the record and below, the court rules as follows.

**1. Motion to exclude evidence of (1) criminal history, drug and alcohol use, and mental health of Mr. Shah and (2) criminal history of Janifer Shah (ECF No. 80)**

The court grants the motion in part and denies it in part. Mr. Shah's criminal history is excluded under Rule 404(b) as any part of the defendant's liability case (given that the officer had no

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

FINAL PRETRIAL ORDER (No. 3:13-cv-04516-LB)       2

1 knowledge of Mr. Shah personally). The evidence is relevant to damages. The court nonetheless
2 directs the defendant to specify the criminal convictions and contacts he will introduce so that the
3 court can evaluate their admissibility under Rule 403. Criminal records in particular are relevant; the
4 contacts may or may not be prejudicial or cumulative. The drug and alcohol abuse and mental health
5 are relevant to damages. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1992.)

6 As to Ms. Shah, the parties discussed at the pretrial conference that there may be one narcotics-
7 related conviction that may be a wobbler. If it is only a misdemeanor, it is not admissible under Rule
8 609(a)(1)(A) or (2). The court directs the defendant to specify exactly the nature of any
9 impeachment of Ms. Shah so that the court can evaluate the issue under Rule 403. If it is a felony
10 narcotics offense that is no more than 10 years old, it is admissible.

11 The defendant must specify this evidence by September 17, 2015.

**2. Motion to exclude the testimony of defense expert Barry Gustin, M.D. (ECF No. 81)**

13 The issue is that the defendant apparently will testify that he thought Mr. Shah's bulging eyes
14 signified methamphetamine use, and the toxicology report shows methamphetamine. The expert
15 report is not attached to the motion in limine (although the motion references it). The parties are
16 directed to file a copy by September 17, 2015. The issue of drug use is relevant to damages (as set
17 forth in the previous section), and the presence of methamphetamine may corroborate the
18 defendant's observations. Dr. Gustin may testify at least about the presence of methamphetamine,
19 and the court will evaluate the extent of the testimony after reading the report. The court thus denies
20 the motion.

**VI.  DEFENDANTS' MOTIONS IN LIMINE**

**1. Motion to limit the testimony of plaintiffs' expert, Roger Clark (ECF No. 82)**

23 The court grants the motion in part and denies it in part. As to Mr. Clark's testimony about the
24 bullet trajectory, at the pretrial hearing, the plaintiffs' counsel said that the testimony would be
25 limited to discussing the coroner's report and what it shows undisputedly about entry and direction
26 (e.g., where the shots struck and the path of direction going from right to left). This is fair testimony.
27 As to the decompression testimony, the testimony is about police practices and training as codified
28 in the POST on use of force. Again, it is fair testimony. As to Mr. Clark's testimony about the

investigation, the defendant argues that the court should preclude it because the *Monell* claim is gone. But as discussed in the summary-judgment order, the compliance (or not) with standard practices is relevant to the course of events (especially regarding the existence of the knife and the interplay with issues of credibility). (*See* Summary-Judgment Order, ECF No. 61 at 8-11.) The court will allow the testimony. Finally, the court grants the motion to the extent that it seeks to preclude testimony about "judicially defined" or "legally specialized" terms such as "objective reasonableness" or testimony about the defendant's actual, objective state of mind. *See M.H. v. County of Alameda*, No. 3:11-cv-02868-JST, Order, ECF No. 343 at 3-4 (N.D. Cal. Jan. 2, 2015); *Cotton ex rel. McClure v. City of Eureka*, No. C 08-04386-SBA, 2011 WL 4047490, at *2 (N.D. Cal. Sept. 8, 2011). But Mr. Clark may opine about generally accepted law enforcement standards, custom, or practice. *See M.H. v. County of Alameda*, Order, ECF No. 343 at 3-4; *Glenn v. Washington Cnty.*, 673 F.3d 864, 877 (9th Cir. 2011); *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc). Thus, he may testify about appropriate standards that go to the ultimate issues so long as he does not use the "judicially defined" or "legally specialized" terms. That will result in testimony about (1) training of police officers, (2) the standard practices on use of force accepted in the industry, and (3) whether, in the expert's opinion, the use of force here was acceptable according to standard police practices.

**2. Motion to exclude the opinion testimony by lay witness Gracie Nelson (ECF No. 83)**

The court grants the motion. Ms. Nelson may not use "judicially defined" or "legally specialized" terms either.

**3. Motion to exclude evidence concerning complaints (ECF No. 84)**

The motion is unopposed. The court grants it.

**4. Motion to bifurcate the liability and damages phases of trial (ECF No. 85)**

The plaintiffs oppose the motion. The court denies it. The parties agreed at the hearing to discuss the issue further to see if they might reach agreement on staging liability and damages issues.

**VII.   WITNESSES AND DEPOSITIONS**

The parties may call the witnesses listed in their witness lists at ECF Nos. 71 and 72 with the proviso that the trial time limits do not allow all witnesses. The plaintiffs' counsel explained that the

witness list had custodial witnesses that likely would be eliminated (as discussed in the next section). The court will address the issue further with the parties on September 24, 2015.

## VIII.  EXHIBITS AND STIPULATIONS

The defendant's objections to the plaintiffs' exhibits generally are overruled for the reasons said on the record. That said, the objections to the reports (Exhibits 109 and 110) are fair but the plaintiffs listed them to define the scope of testimony. The plaintiffs also will cull their exhibits to eliminate cumulative exhibits. The defendant withdrew the objection to Exhibit 108.

As to the plaintiffs' objections, the objections to the reports (Exhibits 200 to 207) are fair too, but the defendant also listed the reports to define the scope of testimony (particularly about damages). The medical records (Exhibit 208) contain inadmissible hearsay, but they also contain admissible information relevant to damages. The criminal records (Exhibits 209 to 213) similarly contain hearsay information, but again, the defendant put them on the exhibit list essentially for fair notice about the scope of the testimony.

At the pretrial conference, the court directed the parties to confer to eliminate unnecessary exhibits and limit the exhibit list to admissible evidence. The court understands that this will be an iterative process and will be flexible. As discussed at the hearing, the point is to address all foundational issues, and the court expects that the parties will stipulate to foundational issues in lieu of having to call a custodial witness to authenticate (for example) hospital records. The exhibits then essentially can be pre-admitted (subject to any limiting instructions that the parties can raise during the presentation of evidence, such as "not admitted for the truth"). At the end of the trial, the parties will review the exhibit list, cull any unused exhibits from the binder, and update the exhibit list in a form suitable for delivery to the jury with the evidence binders.

The court directs the parties to file an updated exhibit list by September 23, 2015 that reflects their progress as of that date.

## IX. QUESTIONNAIRES

The court will file a proposed questionnaire that blends the parties' separate questionnaires.

## X. TRIAL

At the end of each trial day (generally, by 2:00 p.m.), counsel must give notice of the order of proof (meaning, the order of witnesses and the exhibits, including illustrative exhibits) for the next trial day. The parties must notify the court of any issues by the end of the day so that the court can resolve them. To the extent that the parties will call hostile witnesses, which means that the opposing party's "cross-examination" will be its direct examination, counsel must provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment).

**IT IS SO ORDERED.**

Dated: September 10, 2015

LAUREL BEELER
United States Magistrate Judge