UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| C.E.W., a minor, individually and as successor-in-interest for Decedent MOHAMMED SHAH, by and through his guardian ad litem VALERIE WEAVER; MOHAMMED SHAH, individually; and JANIFER SHAH, individually,<br><br>    Plaintiffs,<br><br> v.<br><br>CITY OF HAYWARD and ALLEN NEULA,<br><br>    Defendants.<br>_____/ | No. 3:13-cv-04516-LB<br><br>**SECOND ORDER ON MOTIONS IN LIMINE** |

    The court held a further conference on the motions in limine on September 24, 2015 and rules as follows:

    1. The 2012 conviction for methamphetamine is admissible for the damages case. Testimony about it is not (as the government agreed).

    2. In lieu of officers' testimony about prior law-enforcement contacts that did not result in convictions, the court orders the stipulations discussed on the record for the damages case. The stipulations will cover the fact of the contact, the reason for the contact, and the result of the contact. The testimony is excluded under Rule 403 as prejudicial, cumulative, and confusing for the reasons discussed on the record.

ORDER (No. 3:13-cv-04516-LB)

3. In lieu of officer testimony about the 5150 contacts, the court orders the stipulations discussed on the record for the damages case. The court's intent is that the stipulations will capture non-hearsay information (including information that is not hearsay because it has operative legal effect and is offered for context or because it is an admission (if indeed Mr. Shah's statements are admissions, which they appear to be). The testimony is excluded under Rule 403 as prejudicial, cumulative, and confusing, as explained on the record, especially because of the dangers of officers' testimony having bleed-over effects into the merits case and concerns about the equivalent of mini-trials. The court allows medical testimony by the treating physicians at John George for the damages case. The medical testimony may be cumulative at some point. The medical-records evidence is not admissible to the extent that it contains inadmissible hearsay.

4. The defendant represented that it will not impeach Ms. Shaw with any prior conviction.

5. Expert testimony by Dr. Gustin will be allowed for the case-in-chief about the toxicology at the time of death and any medical inferences that can be drawn from the toxicology report about Mr. Shah's condition at the time of the incident to the extent (and only to the extent) that it corroborates the officer's observations about Mr. Shah's apparent methamphetamine use. *Boyd v. City and County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009). This case is about the objective reasonableness of the officer's conduct and cannot turn on facts not known to the officer. Also, Dr. Gustin may not testify about the conclusions based on the officer's report that Mr. Shah was non-compliant and menacing (which formed the basis in part for his opinion to a reasonable degree of medical certainty that Mr. Shah was high). Dr. Gustin's one-paragraph conclusion about suicide-by-cop is not at all analogous to the expert testimony admitted in *Boyd* that was subject to a rigorous *Daubert* inquiry that passed "muster." *See* 576 F.3d at 945-46. Dr. Gustin's testimony about the effects of methamphetamine use generally are relevant to the damages case.

**IT IS SO ORDERED.**

Dated: September 24, 2015

LAUREL BEELER
United States Magistrate Judge

ORDER (No. 3:13-cv-04516-LB)